**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 2, 2021

Gregory V. Varallo, Esquire
Bernstein Litowitz Berger &
 Grossman LLP
500 Delaware Avenue, Suite 901
Wilmington, DE  19801

Blake A. Bennett, Esquire
Dean R. Roland, Esquire
Cooch and Taylor P.A.
The Nemours Building
1000 N. Orange St., Suite 1120
Wilmington, DE  19801

Elena C. Norman, Esquire
Alberto E. Chavez, Esquire
Young Conaway Stargatt & Taylor LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801

Raymond J. DiCamillo, Esquire
Kevin M. Gallagher, Esquire
Megan O'Connor, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE  19801

Kevin M. Coen, Esquire
Alexandra M. Cumings, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, Suite 1600
Wilmington, DE  19801

Brian C. Ralston, Esquire
David A. Seal, Esquire
Daniel M. Rusk, IV, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19801

> Re:     *Hollywood Firefighters' Pension Fund, et al. v. James L. Dolan, et
> al.,* C.A. No. 2021-0468-KSJM;
> *Leisz v. MSG Networks Inc., et al.*, C.A. No. 2021-0504-KSJM

Dear Counsel:

I have considered briefing and oral argument on the plaintiffs' respective motions

to preliminarily enjoin the stockholder vote on the proposed merger of Madison Square

Garden Entertainment Corp. ("Entertainment") and MSG Networks Inc. ("Networks").

The motions are DENIED.

The plaintiffs in the above-referenced actions base their respective motions on alleged violations of Section 203 of the Delaware General Corporation Law.

I find that the proposed merger does not violate the Section 203 protections of the Entertainment stockholders because the Entertainment board satisfied the Section 203(a)(1) exception by approving the transaction which resulted in Networks becoming an interested stockholder through the unanimous written consent executed on November 21, 2019.

I find that the proposed merger does not violate the Section 203 protections of the Networks stockholders because the relevant three-year moratorium expired in 2013. The Dolan Family Group (as that term is defined in the briefs for C.A. No. 2021-0504-KSJM) became an "interested stockholder" of Networks when it acquired over 15% of Networks stock in 2010. Thus, the three-year moratorium imposed on the Dolan Family Group expired in 2013. Entertainment became an "interested stockholder" of Networks in 2019 solely by virtue of its relationship with the Dolan Family Group. The purpose of the statutory language by which Entertainment fits the definition of "interested stockholder" is to prohibit a holder of 15% or more of Networks' stock from accomplishing indirectly what it is prohibited from accomplishing directly. In these limited circumstances, and where there are no allegations that the defendants are taking action to subvert the purpose of the statute, the restrictions imposed on Entertainment (the affiliate) must track those applicable to those of the Dolan Family Group (the Networks stockholder).

Obviously, a lot more could be said on the rich issues presented. Given the proximity of the stockholder vote and the long holiday weekend ahead, I thought it appropriate to deliver my rulings to you as quickly as possible, hence this brief letter. Please contact my assistant to obtain a time on Tuesday, July 6, 2021, during which I will explain the bases for this ruling in slightly greater detail.

I wish you all a safe and restful holiday weekend.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:     All counsel of record (by *File & ServeXpress*)